CITY OF JACKSON *v.* BELEW.

[70 South. 346.]

1. PEACE BOND. *Statutes. Effect of appeal bond. Breach of the peace.*
   The peace bond authorized by Code 1906, section 1561, is an additional penalty which the court may or may not impose upon persons who have been convicted of a criminal offense. The general sections of the Code preceding section 1561, relating to peace bonds have no application to the peace bond provided for under this section.

2. BREACH OF THE PEACE. *Bond. Effect of appeal bond.*
   A peace bond given under section 1561, Code 1906, is superseded when the convict executes an appeal bond, since the peace bond is incidental to, and a part of, the penalty imposed by the court.

Appeal from the circuit court of Hinds county.

Hon. W. A. Henry, Judge.

*Habeas Corpus* by John Belew.   Relator discharged and the city of Jackson appeals.

This is an appeal by the city of Jackson from a judgment entered by the circuit judge, discharging the appellee from custody on a writ of *habeas corpus*.  Appellee had been convicted in the justice of the peace court for selling intoxicating liquors, and a fine of one hundred dollars imposed.  It being shown at the trial that he was an habitual violator of the liquor laws, the justice of the peace, acting under section 1561 of the Code of 1906, in addition to the fine imposed required appellee to enter into bond in the sum of one thousand dollars conditioned to keep the peace and be of good behavior and not sell intoxicating liquors for a period of two years.  Appellee tendered an appeal bond in the sum of two hundred dollars, which was approved by the justice of the peace, thereby perfecting his appeal to the circuit court from the judgment imposing the fine of one hundred dollars, and also tendered another bond for the purpose of appealing from that part of the judgment requiring him to give the peace bond.  The justice of the peace refused to approve the last bond for the reason, as set out by him, that "the condition to keep the peace pending appeal is not incorporated in said bond." The jailer having refused to release appellee from custody until he had executed the peace bond, a writ of *habeas corpus* was sued out before the circuit judge, who entered a judgment discharging the relator, from which the city appeals.

*L. C. Hallam,* for appellant.

The only point for consideration presented by this appeal is a construction of section 1561, Code of 1906. That section reads as follows:  "The same" (Peace Bonds) "Convict of crime less than felony may be made to give

peace bonds.—Every court before which any person shall be convicted of an offense less than felony may, in addition to the penalty prescribed by law, require the convict to enter into bond in a reasonable sum, with or without sureties, to keep the peace and to be of good behavior for any time not longer than two years, and may order him to stand committed until such bond be executed; and for any breach thereof it may be proceeded on by *scire facias* as in other cases.''

It will be noted that sections 1548 to 1561, inclusive, relate to peace bonds.   Section 1548 is headed ''Peace Bonds;'' and the heading of each of the following sections down to an including section 1561, is ''the same;'' that is, each section relates back and refers to the general subject ''Peace Bonds.''

By section 1548 one may be required to execute a peace bond where the court adjudges that an offense is threatened only, though no offense has actually been committed. The measure is a preventive one, in the nature of a *quia timet*. From a requirement by a justice of the peace that one give this peace bond an appeal to the circuit court is provided for by section 1551. But, while an appeal is provided for, in order that the purpose for which the law was enacted and the bond required may not be defeated it is too plain for argument that, although an appeal from such requirement may have been prosecuted, yet, pending the appeal, and before the person required to give such peace bond can secure his liberty, the peace bond required must be executed. *Com.* v. *Ward,* 4 Mass. 497.

But one bond is required by section 1551, and that is a peace bond, and, in order for such peace bond to operate as an appeal bond also, there must be ''the further condition in the bond that the appellant shall pay all cost in case it shall be adjudged against him in the circuit court.'' I wish to here call the court's attention to the fact that the word ''bonds'' in the fourth line of section 1551 is a misprint. The word should be in the singular

number "bond." This is apparent, not only from the context of the statute when it speaks of "the further condition" in the "bond", but also from an examination of section 1479 of the Code of 1892 (of which this section is a rescript) where the word "bond" is used. Also the singular number "bond" is used in the same connection in section 3129, Code of 1880.

Now it will be seen that section 1561, Code of 1906, provides for no appeal from the requirement to give the peace and good behavior bond, but does provide that the court may order him (the convict) "to stand committed until such bond be executed." Not until the requirement to give the bond be appealed from, but until the bond be, in fact, executed.

The contentions of the appellant are these: First: That all the sections above referred to relating to Peace Bonds, under the chapter on Criminal Procedure, must be construed together and in the light of each other, as being *in pari materia. Richards* v. *Patterson,* 30 Miss. 583; *Eskridge* v. *McGruder,* 45 Miss. 294; *Biloxi* v. *Borries,* 78 Miss. 658; *Holly Springs* v. *Marshall County,* 61 So. 703.

And that, thus construed, the only means by which an appeal can be prosecuted from an order requiring one to enter into a peace and good behavior bond under section 1561, Code 1906, is by pursuing the course mapped out by section 1551—by executing the peace and good behavior bond required, "with the further condition in the bond that the appellant shall pay all cost, in case it shall be adjudged against him in the circuit court;" or, second, if the first contention is untenable, that no appeal whatever lies from a requirement to execute a peace and good behavior bond after conviction, under section 1561, whether an appeal from the judgment imposing punishment be prosecuted or not. If either of these positions is correct, then the judgment here appealed from should be reversed.

As to the first: section 1561 applies to all manner of offenses less than felony. It applies with equal force to the offense of selling liquor and the offense of assault and battery, and to all other misdemeanor. Suppose, then, that an affidavit were made charging a person with assault and battery on the person of the affiant, and that during the course of the trial it should develop from the evidence that the defendant was not only guilty as charged, but that he had repeatedly assaulted and beaten the affiant on former occasions. Upon adjudging the defendant to be guilty of the specific offense charged, would not the trial court be authorized to require, in addition to the penalty imposed, that the defendant enter into bond to keep the peace and be of good behavior, under section 1561? Or would it be necessary that an affidavit be made under section 1548, and that the useless formality of a second trial of the same identical matters be gone through before the peace bond could be required? If the first question is answered in the affirmative, then could the benefit accruing from the placing of the defendant under bond under section 1561 be forestalled by the defendant prosecuting an appeal from the judgment of conviction, and thereby avoiding the necessity of executing the peace bond pending the appeal or would the peace bond be necessary prerequisite to the defendant's obtaining his liberty pending such appeal? If the necessity for giving the peace and good behavior bond pending appeal is, *ipso facto*, avoided by prosecuting an appeal from the judgment of conviction, it necessarily follows that in order for the person assaulted to obtain protection, and for some assurance to be given that the public order will be conserved during the pendency of the appeal, that another affidavit should thereupon be made against the defendant under section 1548, and that another trial of the same matter should be had before the court could carry into effect its order requiring the defendant to execute a peace and good behavior bond. If this is true, did the legislature intend any

such anomaly, and is this the "harmonious interpretation" within the meaning of the authorities? In addition to these observations the court will see that in the case of repeated assaults section 1548 would be inadequate unless the person charged had "threatened." If no threats had been made then a peace bond could not be required under that section. It could be required only under section 1561.

COOK, J., delivered the opinion of the court.

We think that this case is controlled by section 1561, Code 1906, alone. It will be observed that this section of the Code confers upon "every court before which any person shall be convicted of an offense less than a felony" the power to require the convict to execute a peace bond, "in addition to the penalty prescribed by law." The peace bond authorized by this section is an additional penalty which the court may or may not impose upon persons who have been convicted of a criminal offense. The general sections of the Code just preceding section 1561, relating to peace bonds, have no application to the peace bond required in this case.

We think the peace bond here was superseded when the convict executed his appeal bond, just as was the judgment taxing him with the costs of the prosecution, both of which were incident to and a part of the penalty imposed by the court.

*Affirmed*