## Hammond v. Louisville Railway Company.

(Decided May 24, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Pleading—Personal Injury—Release—Fraud—Plea of—Sufficiency. —The allegations of a reply to an answer in a personal injury action pleading a release by plaintiff, considered, and held insufficient to show that the release was obtained by fraud.

EDWARDS, OGDEN & PEAK for appellant.

STRAUS, LEE & KRIEGER and ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 9th, 1915, plaintiff, H. P. Hammond, brought this suit against defendant, Louisville Railway Company, to recover damages for personal injuries alleged to have been received on March 22nd, 1914, through the negligence of the defendant in permitting a step on one of its cars to become in a defective and dangerous condition. He charges that at the time of the accident he was a cripple and was compelled to walk on crutches, and that by reason of the defective condition of the step he was thrown into the street with great force and violence. As a result of the accident his left arm and wrist were bruised and his appendix became diseased, and he was compelled to submit to an operation for the removal thereof. By amended petition he subsequently withdrew the allegation in regard to the removal of his appendix and alleged that he received internal injuries in the appendicular region which caused an abscess and inflammation in that portion of his body, and that the operation was for the purpose of relieving this condition and not for the purpose of removing his appendix. In addition to a denial of negligence and a plea of contributory negligence on the part of plaintiff, the company pleaded a settlement by which plaintiff, in consideration of $15.00, released the company from all liability on account of the accident. To the plea of settlement plaintiff filed a reply and an amended reply, to both of which a demurrer was sustained, and on plaintiff's refusal to plead further his petition was dismissed.

The only question presented is the propriety of the trial court's action in sustaining the demurrer to the reply as amended.

The original reply filed on December 22nd, 1914, is as follows:

"The plaintiff, for reply to the defendant's amended and supplemental answer herein says it is true that he signed the receipt for $15.00 referred to in and filed with said amended and supplemental answer, but that same was procured through misrepresentation and fraud and at the time when this plaintiff did not know or realize that he had sustained the injuries complained of in the petition. He states that after he fell from the car as in the petition set forth, one Dr. J. H. Buschmeyer, who was and is one of the physicians and surgeons in the

regular service and employment of the defendant, came to see him and after having examined him informed him that he had sustained no injury other than a slight injury to one of his hands or wrists, and that it did not amount to anything, and relying upon the representation and statement so made by the defendant's said physician and on the next day after he received the injuries complained of one of the defendant's agents gave to this plaintiff $15.00 which was accepted by him under the belief on his part induced and caused by the representations made to him by the defendant's said physician he accepted said $15.00 and signed the receipt referred to. On the next day after he accepted said $15.00 and signed said receipt he started to leave the city of Louisville for a short visit to his relatives in Anderson county and in the afternoon of said day while at the depot in the city of Louisville awaiting the departure of the train for Lawrenceburg in Anderson county, he was taken with a violent chill and on his arrival at Lawrenceburg he was compelled to procure medical attention and it was then discovered that he had sustained such an injury by reason of the fall from the car as in the petition set out as to cause and produce appendicitis and that this injury was unknown to him at the time he accepted said $15.00 and signed said receipt, He now tenders to the defendant the said $15.00 and he therefore prays that said settlement be set aside and be as in his petition and for all general and proper relief.''

The amended reply, which was filed on January 8th, 1915, is as follows:

"The plaintiff, by leave of court, amends his reply to the amended and supplemental answer, and for amendment thereto states that on the day that he was injured as in the petition alleged, the defendant caused and procured one of its physicians and surgeons, to-wit: Dr. J. H. Buschmeyer, to call upon this plaintiff at his home for the purpose of ascertaining what injury, if any, plaintiff had sustained, and said Dr. Buschmeyer negligently failed to make any examination of the plaintiff other than to look at his hand or the wrist where it was injured and with negligence and carelessness treated the plaintiff's injuries lightly when in truth and in fact if he had made an examination plaintiff believes he could have discovered the injury in the appendicular region as in his petition set forth, but the said Dr.

Buschmeyer negligently failed to make said or any examination and represented to this plaintiff that he had received but slight injury and that it did not amount to much. That said Dr. Buschmeyer acting for and on behalf of the defendant and with a view, purpose and intention of misleading the plaintiff, so that a settlement for comparatively nothing could be procured, negligently failed and refused to advise this plaintiff that the full extent of his injuries could not be ascertained until the lapse of some further time. That said Buschmeyer knew or should have known that where a person received the fall that this plaintiff received from the car could not know within a few hours thereafter the extent of injuries received. That said Buschmeyer saw this plaintiff only once and that on the day of the injury and within an hour or two thereafter and at a time when the plaintiff was wholly unconscious of the extent of his injuries, and that said Buschmeyer so acting for and on behalf of the defendant misled the plaintiff and caused him to believe that he had not received any severe injury and that this was done with a fraudulent purpose of inducing the plaintiff to make settlement of his claim for damage. The occurrences as hereinbefore set out were on Sunday morning on the 22nd day of March, 1914, and that on the next morning, Monday, March 23rd, 1914, at or about 9 o'clock a. m., an agent representing the defendant came to the plaintiff and offered to make a settlement with him, stating to this plaintiff that Dr. Buschmeyer had said that he was not hurt much, and this plaintiff in ignorance of the extent of his injuries and relying upon the statements and representations of said Dr. Buschmeyer and believing same to be true, accepted said $15.00 and signed said paper and that said acts and conduct as hereinbefore set forth on the part of said Buschmeyer and the agent who paid this plaintiff the said $15.00 was done for and on behalf of the defendant by its agents and servants with a fraudulent intent, design and purpose of deceiving and misleading this plaintiff and he was thereby deceived and misled and caused to make said settlement, when had he known the true facts he would not have entered into said agreement.''

This is not a case where a particular sum was accepted for particular injuries and through fraud the release was made to embrace elements of damage not contemplated by the parties. It is not a case where the

injured party could not read and the agent making the settlement misrepresented the terms of the written release. It is not a case where the injured party claims that by reason of the severity of his injuries and his consequent suffering he did not have sufficient mental capacity to cope with his adversary, or to understand and appreciate the effect of the settlement. Reduced to its final analysis, the only grounds of fraud relied on are: (1) The company's physician merely looked at plaintiff's hand and wrist and negligently failed to make a further examination, which plaintiff believed would have resulted in the discovery of an injury in the region of his appendix, and upon the examination so made represented to plaintiff that his injuries were slight; (2) the physician, who knew, or ought to have known, that where a person fell from a car as plaintiff did, the extent of his injuries could not be known until some time after the fall, was negligent in not advising plaintiff of this fact. It is not claimed that the physician made any false representations as to the injuries which were called to his attention. The basis of plaintiff's complaint is that the physician failed to apprise him of a condition which plaintiff believed the physician could have discovered by the exercise of reasonable diligence, and not a condition which the physician could have actually discovered by the exercise of reasonable diligence. It is not alleged that plaintiff told the physician of any blow that he received, or complained of any pain in the region of his appendix, or, as a matter of fact, that he had any bruises of any kind in that vicinity. On the contrary, so far as the amended reply shows, the only injuries complained of by plaintiff were those to his hand and wrist, and it does not appear that there were any marks or bruises which the physician could have discovered by exercise of reasonable diligence, or that any facts of any kind or description, which would lead an ordinarily prudent physician to believe that plaintiff had been injured in the region of his appendix, were brought to the attention of the physician who made the examination. Though the science of surgery and medicine has made wonderful strides within the past few years, it has not attained to such a high degree of perfection that surgeons and physicians may be said to possess the gift of prophecy. Fraud cannot be predicated on a failure to discover that which a party has no means of discover-

ing. We, therefore, conclude that a physician who gives an honest opinion in regard to the condition of a patient, based upon all the facts which are brought to his attention, and which ordinary care would reveal, cannot be said to have fraudulently misrepresented the condition of the patient merely because, without any facts on which to base an opinion, he failed to predict that the patient would have appendicitis.

In our opinion, the facts relied on are not sufficient to show that the release was obtained by fraud. It follows that the demurrer to the reply as amended was properly sustained and the petition dismissed.

Judgment affirmed.