## Deskins v. Childers, Judge.

(Decided June 9, 1922.)

## Petition for Writ of Mandamus.

1. Intoxicating Liquors—Peace Bond Not Required Under Act of 1920.
—A court, wherein one is convicted of a violation of the provisions of chapter 81, Session Acts, 1920, is not authorized as a consequence of the conviction to require the culprit to execute a bond with sureties to be of good behavior and to keep the peace for twelve months, and not to violate any of the provisions of the act of March 22, 1922, during the period, or in default of same to be committed to the county jail for ninety days.

2. Criminal Law—Bond for Good Behavior—Appeal and Error.—An appeal will not lie from a circuit court to the Court of Appeals, from a judgment which does not exceed a fine of $50.00 or imprisonment exceeding 30 days; nor will an appeal lie from an order requiring a bond with sureties, conditioned for future good behavior.

3. Intoxicating Liquors—Bond to Keep Peace.—A court is authorized to require a bond to keep the peace and to be of good behavior, under the circumstances provided for by the Code, or a statute, and a court, has common law authority upon a conviction for a common law misdemeanor, which is punishable by a common law penalty, to require a bond of the culprit to refrain in the future from committing the offense, but, the offenses committed by violating the laws regarding intoxicating liquors, being statutory, with statutory penalties, the court upon a conviction for such an offense cannot require a bond with sureties to assure against another commission, unless there is a statute authorizing the exercise of such power.

F. J. PICKLESEIMER for plaintiff.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Dismissing.

The plaintiff, Thurman Deskins, was tried and convicted in the circuit court of Pike county for an alleged violation of the prohibition law, enacted at the legislative session of 1920. He was found guilty and his punishment fixed at a period of thirty days' imprisonment and to pay a fine of $50.00, and it was so adjudged by the court. The court, also, ordered that he execute a bond to the Commonwealth of Kentucky in the penal sum of $2,500.00, conditioned that he would be of good behavior and would not violate any law of the state relating to the manufacture, sale, transportation or possession of intoxicating liquors for the period of one year, or in default of the execution of such bond that he should be incarcer-

ated in the county jail for a period of ninety days as provided by Section 18 of Acts of General Assembly of March 22, 1922. His motion to set aside the verdict and judgment, and to grant him a new trial was overruled, and he thereupon prayed the court to grant him an appeal to this court, which the court denied. He alleges, also, that the trial court refused to permit him to supersede the judgment by executing a supersedeas bond and thus enabling him to stay the execution of the judgment pending the proposed appeal. He has instituted this action against the judge of the circuit court seeking a writ of mandamus to require the judge to grant him an appeal from the judgment against him, as well as to require the judge to permit him to execute a supersedeas bond before the clerk of the circuit court. The trial of plaintiff was had and the judgment rendered against him on the 16th day of May, 1922, but the indictment against him was returned on the 23rd day of February, 1922, and the offense for which he was convicted was committed prior to that time.

As said in King v. Comwth. 153 Ky. 404, the jurisdiction of this court is a matter for its own determination, and ordinarily an appeal is a matter of right which a circuit court can not deny to a litigant, but, it would be a mere useless exercise of form to require a circuit court to make an order granting to a litigant an appeal to this court, of a controversy, of which this court has not and would not entertain jurisdiction. One, against whom a judgment is rendered in a circuit court upon a conviction for a misdemeanor has no right to appeal from the judgment to this court, unless the punishment imposed by the judgment exceeds a fine of fifty dollars or imprisonment for a term exceeding thirty days. Section 347, Criminal Code; Anderson v. Comwth., 14 Bush 171; Comwth v. Williams, 27 R. 695; Noe v. Comwth., 134 Ky. 618; Conley v. Comwth., 141 Ky. 730; King v. Comwth., *supra*. If the judgment is for any punishment for the offense in excess of a fine of $50.00, or thirty days' imprisonment, the litigant is entitled to appeal to this court as a matter of right, and it becomes the duty of the circuit court, when requested, to cause an order to be entered granting the appeal. Hence, the question before us is whether the order requiring the plaintiff to execute a bond to the Commonwealth in the sum of $2,500.00, conditioned that he will keep the peace toward all persons, and not violate any of the laws relating to intoxicating liquors for a

period of twelve months, or in default of same to be confined in the county jail for a period of ninety days, is a part of the penalty and punishment for the offense, making the judgment exceed a fine of $50.00 or imprisonment for thirty days. If the requirement to execute the bond, or in default of same to be imprisoned for ninety days, if a portion of the punishment for the offense, which is not now decided, but, yet is such a part of the judgment as from which no appeal will lie, the result is the same so far as giving to a litigant a right of appeal, as if the execution of the bond had not been required, as there would be nothing of the judgment from which an appeal could be taken, except the fine and imprisonment imposed which is clearly insufficient in amount. It will be observed, however, that the offense for which plaintiff was indicted and convicted was committed while the prohibitory statute enacted at the legislative session of 1920, and which was Chap. 81 of the Session Acts of 1920, was in force, and the misdemeanor of which he was convicted was an offense against that statute, which did not contain any provision, that authorized a court when a violator of that statute was convicted of the violation, to enter into a bond to be of good behavior and to refrain from any further violations of it for the period of twelve months, or for any time. At the time the offense was committed, and at. the time the indictment was returned therefor, there was no statute in force which required or authorized a court to require the execution of a bond on the part of one convicted of an offense against that law, to refrain from further violations of it. The statutes, which previous to the enactment of the Act of 1920 authorized and required the court wherein one was convicted of a violation of the Local Option Laws, to execute bond conditioned that he would refrain from any further violations, were repealed by the enactment of the statute of 1920, *supra;* nor has any statute been since enacted which required or authorized a court to require the execution of such a bond following a conviction of a violation of the Act of 1920. The present prohibitory statute relating to intoxicating liquors which became a law on March 22, 1922, and which superseded the Act of 1920, by its 18th Section, provides that the court, upon a conviction of a violation of certain provisions of it, to require the accused to enter into bond with sureties, conditioned that he will be of good behavior, and not violate any of the provisions of that law

relating to intoxicating liquors for a period of one year, but the act limits the requirement to violations of the Act of March 22, 1922, *supra,* and does not extend to the violations of any other law. It is only a judgment of conviction of a violation of the Act of March 22, 1922, *supra,* which the Legislature has by the 18th Section of that act made conclusive evidence of the necessity of requiring a bond of the victim to refrain from any further violations of the law, but a judgment of conviction of a violation of any other law is not made by the *ipse dixit* of the lawmaking powers a sufficient ground for the requirement of a bond with sureties that the convicted one will not violate the law of 1922, *supra,* and technically a conviction for the violation of one law could not afford any reason in the absence of a statute, for the requirement of a bond that the convict would refrain from violating another law. The act of March 22, 1922, provides, that all acts which would be offenses against it, but, which were committed before its enactment, should be prosecuted according to the law, in force, at the time of their commission. The provisions of Section 465, Ky. Stats., empowered the court to convict and punish the plaintiff for a violation of the Act of 1920, *supra,* after the act had been repealed, and to impose upon him the punishment provided by the law which he had violated, but the judgment could have no other consequences without his consent. Hence, if statutory authority was necessary to authorize the court to require a bond of plaintiff, as a consequence of his conviction, there was no authority for the requirement. In Cornett v. Com., 25 K. L. R. 1769, a party had been convicted in several instances for violating the law, then prevailing in Leslie county, prohibiting the sale of intoxicating liquors, when the court required him to execute a bond, to the effect, that he would keep the peace and be of good behavior and would not unlawfully sell intoxicating liquors, for the period of twelve months, and when a judgment was rendered against him and his sureties for a breach of the bond committed, by unlawfully selling liquors within the twelve months, the judgment was reversed by this court, which held that there was no statutory authority for requiring a bond, in so far as it related to the sale of intoxicating liquors, and to that extent was void, as at that time the Code contained the only authority for requiring bonds for the peace and good behavior of citizens and the provisions of the Code, Sections 382-391, only related

to requiring such bond against offenses, which were in the nature of breaches of the peace and amounting to breaches of the peace or felony. In Heyser v. Comwth., 116 Ky. 412, and Comwth. v. Lay, 170 Ky. 357, in upholding the statutes embraced in Section 2557b, Ky. Stats., 1915, and the amendment of 1916, thereto, which required the courts, wherein a conviction was had for a violation of the Local Option Laws, to require bonds of the ones convicted to refrain from future violations, it was held, that such requirements by statute, were in principle in accordance with common law, which authorized any court, of record, wherein there was a conviction for a misdemeanor, to exact of the culprit a bond as an assurance against future misbehavior, but, in no case has this court held, that a bond to refrain from future violations of the liquor laws, could be exacted, as a consequence of a conviction, unless it was authorized by statute. In fact, the power, which was inherent in the common law courts, to require sureties of one to be of good behavior and to keep the peace, who was convicted of a misdemeanor, and as a consequence of the facts justifying it, which were developed upon the trial, can only be applied to convictions for common law misdemeanors and where no punishment has been fixed by statute for guilt of the offense. If the offense is a statutory one, like a violation of the prohibition law of 1920, or where by statute the penalty has been fixed for a common law offense, the common law authority to require a bond, for the future good behavior of the accused, after conviction and as a consequence of it does not apply. State v. Gilliland, 90 A. S. R. 793; Cornett v. Comwth., *supra;* 8 R. C. L. 282. The circumstances under which one may be required to execute bonds to be of good behavior and to keep the peace, as set out in the Code, and as embraced in statutes, in force, other than the act of March 22, 1922, *supra,* do not include the instance of a conviction for violating a law relating to intoxicating liquors. The court, being without either statutory or common law authority to require the execution of the bond by plaintiff, as a consequence of his conviction, it exceeded its powers, in so doing. An appeal, however, does not lie from an order requiring the execution of a bond to be of good behavior and to keep the peace when such has been required under Sections 382 to 393, inclusive, Crim. Code. Lowe v. Comwth., 129 Ky. 565. A similar principle must apply to bonds exacted for future good behavior, of every kind, unless an appeal is

given by statute. Hence, the appeal, which plaintiff seeks, would be from a judgment assessing a fine not exceeding $50.00 and imprisonment, which does not exceed thirty days, and this court has not jurisdiction of such an appeal. The only remedy sought is a mandamus requiring the entry of an order granting an appeal and to require the judge to permit him to supersede the judgment, each of which would be useless. If the plaintiff would escape the consequences of the order requiring him to execute bond, he has mistaken the remedy.

The petition is therefore dismissed.