25 So.2d 704

**MURRAY v. STATE.**

3 Div. 877.

Court of Appeals of Alabama.

March 5, 1946.

Rehearing Denied March 19, 1946.

306

Foster & Foster, of Montgomery, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

Ball & Ball, of Montgomery, amici curiæ.

HARWOOD, Judge.

Appellant was employed at the Empire-Rouse Laundry in the city of Montgomery. Efforts were in progress by union representatives to unionize the workers in this laundry. A strike had been called by the union representative to begin Tuesday morning, 8 January 1946.

Lewis Riggins, another employee of the laundry, and appellant were in the boiler room of the laundry on Saturday, preceding the Tuesday on which the strike had been called. According to Riggins he and appellant had known each other two or three years, were pretty good friends, and ran around together.

Undoubtedly the contemplated strike must have been a prime subject of conversation between the employees of the laundry, and it does not seem other than natural that these two got on that subject. According to Riggins:

"We was talking, and he asked what I was going to do Tuesday. I said I was going to work unless the boss told me not to. He say 'There ain't anybody working Tuesday, we are striking.' He says 'You must be tired of living, you come up and get your head blowed off.' "

Riggins later made it clear by repeated statements that he should have quoted appellant as saying "If you come there you are liable to get your head blowed off."

Later that day Riggins reported this conversation to his superiors at the laundry and was advised to confer with the Solicitor of Montgomery County. He did so and thereafter peace bond proceedings were instituted.

However, before appellant was arrested it appears that on this Saturday night Riggins and appellant were together at a beer parlor, drinking beer together with other acquaintances for some time. No animosity between the two was evident on this occasion, in fact they appeared on friendliest terms. The strike was not a subject of conversation, and appellant was in complete ignorance that his beer drinking companion had earlier that day caused to be issued a peace warrant against him.

Evidence was received tending to show that several weeks previously appellant and Mitchell Freeney, another employee of the laundry, had quarreled, and appellant had brought his shotgun to the laundry. Appellant claimed at the time Freeney was abusing him. The manager had both employees in for a talk, the trouble was patched up, apparently was not considered serious by the management, or either party, and both parties worked together thereafter apparently on amiable terms.

Appellant was arrested on 6 January 1946, and has been confined in jail since that time.

On 11 January 1946, the Judge of the Court of Common Pleas of Montgomery, pursuant to the complaint theretofore filed in that court, committed the appellant to the custody of the sheriff of Montgomery County, to be held in jail for a period of six months unless and until appellant posted a peace bond in the amount of $3,000.

Appellant thereafter filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County, and hearing on said writ was had on 17 January 1946, at which time the evidence set out above was adduced by the State. The circuit judge hearing this case remanded the appellant to the custody of the sheriff, but reduced the amount of the required peace bond to $1,500.

In connection with peace proceedings Section 406 of Title 15, Code of Alabama 1940, provides:

"When the person complained of is brought before the magistrate, he and his witnesses must be heard in his defense; and if, on hearing the witnesses on both sides, it appears that there is no just reason to fear the commission of the offense, the defendant must be discharged. If the hearing is continued, the justice shall require the defendant to give bail for his appearance, and failing to furnish the bail, the defendant must be committed to jail."

Was there a just reason in this case to fear the commission of violence on the part of appellant. In our opinion the answer is emphatically no. The evidence produced by the State merely shows two negro employees of a laundry discussing a contemplated strike. They had been friends for two or three years, and were beer drinking companions. Appellant told his companion upon his indicating he intended to work on the day the strike was called "You must be tired of living, you come up here and you are liable to get your head blowed off." This same pair were beer drinking companions that very night. The facts presented do not spell out "a just reason to fear the commission" of any violence by appellant. To consider the words of appellant as advisory rather than threatening, constitutes a less tortured interpretation than reading any threat into them that could rationally be the basis for a just fear.

To hold that appellant's words, under the circumstances of this case, constituted a threat, would in our opinion establish a precedent which would make dangerous free expression, and subject all citizens to possible harrassments never contemplated by our statutes and constitutions.

From what has been said above it follows that appellant is entitled to his liberty and it is therefore ordered that he be discharged from further custody.

Reversed and rendered.