ARNOLD *v.* STATE.

Mar. 17, 1952.

No. 38404  (57 So. (2d) 484)

**R. L. Calhoun,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Ethridge, J.**

Appellant, Hugh Arnold, was convicted in the County Court of Forrest County of operating a motor vehicle upon' a public highway of that county while under the influence of intoxicating liquor. Code of 1942, Sec. 8174. That judgment was affirmed by the circuit court and Arnold appeals, making two assignments of error.

The State's Instruction No. 1 said: ''The Court instructs the Jury for the State that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Hugh Arnold, did wilfully and unlawfully operate a motor vehicle upon a public highway, towit: U. S. Highway No. 11, while under the influence of in-

toxicating liquors, then it would be your sworn duty to find the defendant guilty as charged.''

Appellant argues that this instruction is defective for failing to state that the offense occurred in Forrest County, Mississippi. However, the indictment charged the proper venue, and the undisputed evidence showed that the offense occurred in Forrest County. The jury could not possibly have been mislead as to where the offense occurred. It was not necessary for the quoted instruction to locate the place of commission of the offense.

Appellant also says that the trial court erroneously required him to make a peace bond for his good behavior for a period of two years. The judgment of conviction and sentence provided in part as follows: ''It is therefore considered by the Court and so ordered that the defendant be sentenced to pay a fine of Five Hundred Dollars and all costs of court and to serve for a period of six months on the County Road. The defendant is ordered to make bond in the amount of Five Hundred Dollars with sureties for two years to keep the peace and be of good behavior according to Section 2596, Code of 1942.''

Code of 1942, Sec. 2596, provides: ''Every court before which any person shall be convicted of an offense less than a felony may, in addition to the penalty prescribed by law, require the convict to enter into bond in a reasonable sum, with or without sureties, to keep the peace and to be of good behavior for any time not longer than two years, and may order him to stand committed until such bond be executed; and for any breach thereof it may be proceeded on by scire facias as in other cases.''

Appellant first argues that requiring him to also enter into the peace bond under Sec. 2596 amounts to placing him in double jeopardy for the same offense, in violation of Miss. Constitution of 1890, Sec. 22. The statute was first passed in 1880, and since that time in at least six decisions this court has consistently upheld its validity. In Vigouroux v. State, 1924, 136 Miss. 505, 101 So. 576, it

was said that the act did not violate Miss. Constitution, Sec. 28, prohibiting cruel and inhuman punishment. Nor was the penalty excessive, since the statute fixed a maximum period of two years. In Buck v. State, 1912, 103 Miss. 276, 60 So. 321, 322, appellant was convicted of the unlawful sale of intoxicating liquors, fined $500 and sentenced to 90 days in jail, but all of this was suspended except $200 of the fine. At the next term, the court directed the execution of the suspended portion of the sentence and in addition required appellant to make a peace bond. It was said that "after the close of the term at which the judgment was rendered, the court was without power to amend its judgment by adding this requirement thereto." In City of Jackson v. Belew, 1915, 110 Miss. 243, 70 So. 346, 347, it was held that the peace bond "is an additional penalty which the court may or may not impose * * *."

In Cox v. State, 1927, 146 Miss. 685, 112 So. 479, appellant was convicted of illegal possession of liquor, and in addition to a fine and imprisonment, the court ordered appellant to enter into a peace bond under Sec. 2596. The court expressly upheld the validity of that requirement. In Jones v. State, 1927, 146 Miss. 819, 112 So. 170, 174, it was said that the validity of a peace bond under the statute could be tested by a petition for habeas corpus. Appellant had been convicted of the unlawful possession of intoxicating liquor, and in addition to a $500 fine and six months jail sentence, the court required a peace bond in the amount of $2500 for appellant's future good behavior for a period of two years. The court held that this requirement was invalid because the bond was excessive; that the statute requires a bond which a defendant can reasonably give; and that "in a misdemeanor, the requirement to give a bond for good behavior should not be in excess of the amount that would stay the judgment in case of an appeal from an offense from the circuit court to the Supreme Court." McCluney v. State, 1931, 162 Miss. 333, 138 So. 356, followed the Jones case in

holding that the bond there required was excessive, and further said that the sentence should have expressly stated the two year limitation of time. The conviction was affirmed, and the court reversed and rendered a correct judgment.

The foregoing decisions demonstrate that the validity of the statute has been affirmed where the peace bond is required in accordance with the statutory terms. ██ This is consistent with the unquestioned constitutional power of the legislature to fix punishment for crimes. 15 Am. Jur., Criminal Law, Secs. 507, 556, 557. For example, the legislature may impose more than one penalty for the same offense. 24 C. J. S., Criminal Law, Sec. 1952, p. 1183; Gibson v. State, 1890, 68 Miss. 241, 8 So. 329. Hence a statute such as Section 2596 which authorizes the requirement of a bond for good behavior for one who has been convicted of an offense less than a felony is constitutional, provided the requirement of a peace bond is part of the judgment, as was held in Buck v. State, and the Jones and McCluney cases are complied with. 24 C. J. S., Criminal Law, Sec. 1952, p. 1183; Ibid, Sec. 2010, p. 1261; 15 Am. Jur., Criminal Law, Secs. 556, 557, 359 et seq.

Secondly, appellant attacks the judgment and sentence on the ground that ██ the requirement of a peace bond was arbitrary and for no cause, since there was no evidence tending to show that appellant threatened a breach of the peace in the future. However, Code, Sec. 2596 does not require the trial court to act only on proof of this sort. Moreover, we think that the judge is authorized in his sound discretion to make his own deductions from the evidence when he requires a good behavior bond. The cases interpreting this statute have involved convictions of either the sale or possession of intoxicating liquors. The offense of which appellant was convicted, driving upon a public highway while under the influence of intoxicating liquors, is one which in its potential effects upon the general public is manifest. In Cox v. State, 1927, 146 Miss. 685, 112 So. 479, 481, appellant was con-

victed of the possession of intoxicating liquors and was sentenced to a fine, jail term, and a peace bond was required. The court there dealt with appellant's present contention, and said:

"One of the appellant's assignments of error challenges the validity of this requirement; the ground of her objection being that 'no such state of affairs existed as would warrant the court in imposing this additional penalty on appellant.'

"The requirement of such bond is authorized by section 1561, Code of 1906 (section 1323, Hemingway's Code), and no question is here presented as to the amount thereof being excessive.

"* * * The objection to the bond now urged is that the court below did not hear evidence as to the appellant's ability to give the bond. It does not appear from this record whether such evidence was heard, but, if it was not, the appellant cannot complain thereat, for, in order for him to do so, he must have offered and been refused permission to introduce such evidence."

These same observations are applicable to the present case.

Affirmed.

**Roberds, Alexander, Kyle** and **Holmes, JJ.,** concur.