168 So.2d 258

Benny TUCKER et al.

v.

STATE.

2 Div. 110.

Court of Appeals of Alabama.

March 6, 1964.

Rehearing Denied May 26, 1964.

1. Post pg. 477.

478

Peter A. Hall, Birmingham, and J. L. Chestnut, Jr., Selma, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellants, Benny Tucker and Henry Will Shannon, were convicted in the Juvenile Court of Dallas County, Alabama, on a charge of contributing to the delinquency of minors. They were fined $100 and sentenced to serve twelve months in the county jail. In addition to the jail sentence and the fine imposed, and as a part of the judgment, the Judge of the Juvenile Court required appellants to enter into a bond or undertaking in the sum of $1000 conditioned to keep the peace for twelve months. Appeal bonds in the sum of $1000 each were executed and approved, thereby perfecting appeal to the Circuit Court. The sheriff having refused to release appellants from custody until they had executed the peace bonds, a writ of habeas corpus was sued out before the Circuit Judge, who entered a Judgment denying habeas corpus. The peace bond for each petitioner was reduced to $500. The Circuit Judge entered an order allowing the petitioners to appeal upon filing security for costs, but denying their prayers for bail pending appeal to this court in lieu of the peace bonds.

We think this case is controlled by Section 419 of Title 15, Code 1940, alone. It will be observed that this section of the Code confers upon "[a]ny court of record * * * on the conviction of any person for an offense against the person or property of another, when necessary for the public good," the power to require the defendant to execute an undertaking, with sureties, "to keep the peace for not exceeding twelve months, and, on his failure, may commit him." The peace bond authorized by this section is an additional penalty which the court may or may not impose upon persons who have been convicted of "an offense against the person or property of another." The general sections of the Code just pre-

ceding Section 419 of Title 15 of the Code, relating to peace bonds, have no application to the peace bonds required in this case.

■ The peace bonds were a part of the penalty imposed by the court, and we think the peace bonds were superseded when the defendants executed their appeal bonds, just as were the judgments of conviction.

The above is a literal paraphrasing and adaptation of the holding of the Supreme Court of Mississippi in the case of City of Jackson v. Belew, 110 Miss. 243, 70 So. 346. See also Arnold v. State, 213 Miss. 667, 57 So.2d 484.

It is our opinion the writs should have been granted for a further reason. The affidavit charged that the defendant Shannon did "contribute to the delinquency of (certain named persons) in that he encouraged them by words or acts not to attend school and did transport them to places in Selma, Alabama, to sit in or demonstrate against the laws of Alabama."

The charge against the defendant Tucker was that he did, "contribute to the delinquency of (certain named persons) in that he encouraged them not to attend school and to demonstrate against the laws of Alabama."

■ We think it is clear that under Section 419 of Title 15, Code, supra, sureties to keep the peace could only be required after conviction of an offense involving violence to an individual or his property. The charges against the defendants, as well as the evidence submitted on the hearing of the petition, clearly show that the peace bonds were not required in accordance with the terms of the statute.

The judgment denying habeas corpus is reversed and it is hereby ordered that appellants be released from custody, subject to the conditions of the bonds heretofore approved pending appeal from the Juvenile Court to the Circuit Court.

Reversed and rendered.

On Rehearing

PER CURIAM.

In brief on application for rehearing the Attorney General argues that, from the common law, courts of record have the inherent and discretionary power to require upon conviction, as a part of the punishment, that a defendant give security to keep the peace, and that the court's action here was founded on authority incident to the common law, and not upon the power conferred by Section 419, Title 15, Code of Alabama 1940.

■ We find no merit in this argument. The authorities hold that such common-law jurisdiction cannot "be exercised as to purely statutory offenses, nor in cases of common-law offenses for which punishment is prescribed by statute. Hence it can only exist as to common-law offenses, for which common-law punishment only can be inflicted." State v. Gilliland, 51 W.Va. 278, 41 S.E. 131, 57 L.R.A. 426, 90 Am.St.Rep. 793; Deskins v. Childers, 195 Ky. 209, 242 S.W. 9; State v. Read, 164 La. 315, 113 So. 860, 54 A.L.R. 383. 15 Am.Jur., Criminal Law, Sections 556, 557.

■ The complaints here charge statutory offenses, for which statutory punishment is provided. Title 13, Sections 366, 369, Code of Alabama 1940.

Application overruled.

CATES, Judge (concurring specially in denial of the application):

As to the application for rehearing, I think it is only needful to note that the wording of the judgment of the juvenile court shows that it purports to be based on the authority of Code 1940, T. 15, § 419.

Hence, if the act charged is not "an offense against the person or property of another," as this statute directs, then the judgment of conviction cannot support the demanding of recognizance with sureties *to keep the peace,* as distinguished from "to be of good behavior." See Blackstone, Comm. iv. 251.

Beyond this I am loathe to go. Before I should abandon Blackstone for Judge Poffenbarger, I should want to see a clearer indication of § 419, supra, being preemptive of the common law.

There are subsidiary questions of the extent of assimilation of English statutes into the body of the common law and the ·extent of statutes applying to British realms beyond the seas.

Too, our Code ingenuously provides:

"§ 3. The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."
—Code 1940, T. 1, § 3.

Does this mean the cut off date is 1607 ·with the landing of English settlers or July 4, 1776? See Carter v. Balfour, 19 Ala. 814.

Again, is binding over after conviction [1] without evidence of propensity to commit the same offense in futuro a breach of the prohibition against double punishment for the same act? Constitution 1901, § 9.

Whether or not the Justices of the Peace Act of 1361, Halsbury's Statutes of England, 2d Ed., Vol. 14, p. 709 (34 Edw. III, c. 1), conferring authority over rioters, barrators, rebels and those who blemish the peace, etc., is part of the received common law of this state is not now necessary to decide.

The case of State v. Gilliland, 51 W.Va. 278, 41 S.E. 131, 90 Am.St.Rep. 793, seems to rest on the assumption that Virginia [2] did not accept this enactment except "as to common-law gross misdemeanors for which common-law punishment only can be inflicted." Yet, Pennsylvania did, and moreover to the extent that, until 1952, a court, on a man's acquittal, could nevertheless make him find bail for his good behavior. Commonwealth v. Duane, 1 Binney 99; Commonwealth v. Franklin, 172 Pa.Super. 152, 92 A.2d 272.

In addition to the Act of 1361, supra, we also find:

(a) The inherent common law authority of conservators of the peace, per Avory, J., in Lansbury v. Riley (1914), 3 K.B. 229; see also form of bond used in Goodwin v. Governor, 1 Stew. & P. 465.

(b) English statutory authority of justices antedating July 4, 1776, e. g., 2 Edw. III, c. 6.

(c) The statutory peace bond where threats of force are made—T. 15, § 401; Murray v. State, 32 Ala.App. 305, 25 So.2d 704.

---

1. In R. v. County of London Quarter Sessions (1948), 1 K.B. 670, Lord Goddard, C. J., stated for the court (Atkinson, J., dissenting) that an order for a bond for good behavior was not a conviction and hence no appeal lay therefrom. Humphreys, J., concurring said (at 679): " * * * It is, in my opinion, too late, in 1947, to cast doubts on the series of decisions ancient and modern which explain the purpose and effect of this venerable statute. * * * " See also the opinions of the Court of Appeal and of the Court of Criminal Appeal in Everett v. Ribbands (1952), 2 K.B. 198, and in Finch (1962), 47 Cr. App.R. 58.

2. The Virginia statute (Ch. 74, Code 1819) seems expository of the Act .of 1361

in that it confers on judges and justices "power to demand of such persons, as are not of good fame, sufficient surety and main-prize of their good behavior." Cf. Va.Code, T. 19.1-20 (1960 Replacement Vol.); Welling's Case, 6 Grat. (Va.) 670.

Tennessee seems to have substantially the same statute as our T. 15, § 419, viz., § 38–318, Tenn.Code Ann. Wetter v. State, 3 Tenn.Cas. (Shannon) 599.

In 1712 Proprietary Act No. 322 enumerated the Statutes of England to be made of force in Carolina south and west of Cape Fear. Cooper's South Carolina Statutes at Large, Vol. II, 399 et seq. While 2 Edw. III, c. 6, relating to powers of justices is enumerated, 34 Edw. III, c. 1, is not listed.

(d) The statutory power of a juvenile court, under Code 1940, T. 13, § 351, to issue "an injunctive order against" a person who contributes to the delinquency of a child—without interfering with prosecution, for example, under T. 13, § 366.

(e) The authority of courts of equity to enjoin otherwise irreparably damaging threatened criminal acts. Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; United States v. U. S. Klans, Knights of Ku Klux Klan, Inc., D.C., 194 F.Supp. 897.

The quo modo of the offense of instant concern was that the appellants encouraged certain named children not to attend school. See Code 1940, T. 52, §§ 297, as amended, 301 and 304. This is not within the usually thought of concept of an offense against the person.

This is all I think we have to decide in the case at bar before the Supreme Court of Alabama has had occasion to construe § 419, supra.

Reference can be made—to the reader's confusion—to the following additional cases and writings:

1. Blackstone, Comm. iv., Ch. XVIII.

2. Burn's, Justice of the Peace (24th Ed.), V p. 307, Surety for the Good Behavior.

3. Glanville Williams, Preventive Justice and the Rule of Law, 16 Mod.L.Rev. 417.

4. Plucknett, Concise History of the Common Law, 167–169.

5. Delone, Preventive Justice, Note, 88 U.Pa.L.Rev. 331.

6. R. v. Dunn (1840), 12 A. & E. 599.

7. R. v. Dunn (1847), 12 A. & E. N.S. 1026.

8. Estes v. State, 21 Tenn. 496.

9. MacKenzie v. Martin (Can.), (1954) S.C.R. 361.