I concur with most of the discussion in the main opinion, and I concur to affirm the judgment.
However, I write specially to express my agreement with the State's arguments (1) that, by enacting the Alabama Criminal Code, the Legislature intended to supersede the common-law year-and-a-day rule and (2) that even if it did not, this Court has the authority to abolish the application of the common-law rule without running afoul of the separation-of-powers doctrine in Alabama. See Art. III, §§ 42 and 43, Ala. Const. 1901.
Section 1-3-1, Ala. Code 1975, provides:
 "The common law of England, so far as it is not inconsistent with the Constitution, laws, and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the Legislature."
(Emphasis added.)
Pursuant to its constitutional authority to define criminal offenses and to fix the punishment for crime, the Alabama Legislature enacted the Alabama Criminal Code, which took effect January 1, 1980. The stated purpose of the Criminal Code was "[t]o provide an entirely new criminal code for the State of Alabama; defining offenses, fixing punishment; repealing numerous specific code sections and statutes that conflict herewith as well as all other laws that conflict with this act." Ala. Acts 1977, Act No. 607. See also § 13A-1-3, Ala. Code 1975; and §13A-1-6, Ala. Code 1975, which states: "All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in Section 13A-1-3."
Section 13A-1-4, Ala. Code 1975, provides:
 "No act or omission is a crime unless made so by this title or by other applicable statute or lawful ordinance."
The Commentary to § 13A-1-4 states, in part:
 "The original draft of this section included an explicit provision to abolish common law crimes, which is a feature of most modern criminal codes; but the Advisory Committee considered such provision impolitic and also, unnecessary under a comprehensive Criminal Code, so it was deleted. To the extent that modern crimes involve common law definitions, such definitions usually will be stated in the Criminal Code. To the extent that they require alteration, *Page 1054 most, again, will be effected by the Criminal Code. Common law jurisdiction cannot be exercised as to purely statutory offenses, nor in cases of common law offenses for which punishment is prescribed by statute. Tucker v. State, 42 Ala.App. 477, 168 So.2d 258 (1964). Thus, § 1-3-1, which continues in force the common law `except as from time to time it may be altered or repealed by the legislature,' remains intact, although its future field of operation may be reduced."
(Emphasis added.)
Section 13A-1-7(a), Ala. Code 1975, states in part:
 "The provisions of this title shall govern the construction of and punishment for any offense defined in this title and committed after 12:01 A.M. January 1, 1980, as well as the construction and application of any defense to a prosecution for such an offense."
The Commentary to § 13A-1-7 notes that "[a]fter the effective date of the Criminal Code, it will control the criminal law, both in the Criminal Code itself and in other provisions that define criminal offenses."
Section 13A-6-2(2), Ala. Code 1975, one of the statutes under which the appellant in the present case was convicted, provides:
 "Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person."
(Emphasis added.) Section 13A-2-5, Ala. Code 1975, entitled "Causal relationship between conduct and results; relationship to mental culpability," states:
 "(a) A person is criminally liable if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was sufficient to produce the result and the conduct of the actor clearly insufficient.
 "(b) A person is nevertheless criminally liable for causing a result if the only difference between what actually occurred and what he intended, contemplated or risked is that:
 "(1) A different person or property was injured, harmed or affected; or
 "(2) A less serious or less extensive injury or harm occurred.
 "(c) When causing a particular result is a material element of an offense for which absolute liability is imposed by law, the element is not established unless the actual result is a probable consequence of the actor's conduct."
(Emphasis added.) The Commentary to § 13A-2-5 notes:
 "Rules governing causation were not covered by Alabama statutes and only sporadically in the cases. There has been difficulty in formulating such rules because of the varying factual situations encountered in which two or more factors were the `cause' of the result, especially homicide.
 "Following the lead of other modern criminal codes, this section is a modified `but for' test, with an express exclusion of those situations in which the concurrent cause was clearly sufficient to produce the result and the defendant's conduct clearly insufficient. Cf. Proposed New Federal Criminal Code § 305, Proposed Revision Texas Penal Code § 6.04, Michigan Revised Criminal Code § 320, New Jersey Penal Code § 2C:2-3, Model Penal Code § 2.03. If the actual result is not within the contemplation of the actor, or within the area of risk of which he should have been aware, he is not deemed to have `caused' the result. But if the difference is only one concerning *Page 1055 
which person or what property would be affected by defendant's act, or one of the degree of harm which would result, he is still held to have `caused' the result.
 "While this section may not be useful in all cases where causation must be explained, it is intended as an aid to clarification whenever it does apply. It is important to note that `but for' is a minimal requirement as there may be additional causal requirements imposed by the section defining the offense. Moreover, merely establishing causation does not necessarily establish criminality. The prosecution must still prove whatever particular mental culpability is required under the section under which the prosecution is brought."
Based on my examination of the Criminal Code, I can find no provision expressly altering or repealing the year-and-a-day rule. On the other hand, I can find no indication that the Legislature intended to retain the year-and-a-day rule as part of its definition of causation in homicide cases. To the contrary, it is significant, I think, that the Legislature specifically adopted a modified "but for" test of causation — a test that takes into consideration concurrent causes and that does not refer to any time limitations with respect to the imposition of criminal liability. I find persuasive the State's argument that, by adopting such a specific definition of causation as part of a comprehensive criminal code, the Legislature intended to supersede application of the common law rule.
Four members of the Alabama Supreme Court recognized in Swartzv. United States Steel Corp., 293 Ala. 439, 304 So.2d 881
(1974), that any common-law rule that is inconsistent with the Constitution, laws, or institutions of this State is not a "rule of decision" that this Court is bound to recognize and follow. Justice Harwood, writing for the Court in Swartz, noted:
 "The common law is decisional law. It is not frozen into unchangeable tablets of stone. In 1835, Justice Story in his work `Miscellaneous Writings,' at page 307, wrote:
 "`The common law is gradually changing its old channels and wearing new.'
 "In Hurtado v. California (1884), 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, the United States Supreme Court wrote:
 "`This flexibility and capacity for growth and adaption is the peculiar boast and excellence of the common law.'
 "This court has written in Harkness v. Sears Walker, 26 Ala. 493:
 "`The common law of England (as has been well remarked by the Supreme Court of the United States) is not to be taken in all respects as to be that of America.'
 "In Woodmen of the World Life Ins. Soc. v. Guyton, 239 Ala. 216, 194 So. 655, this court wrote:
 "`The common law is not static, but is constantly undergoing change, and extension, to meet the changing conditions, due to the ever expanding business and social fabric.'
 "Title 1, Section 3, aforementioned [now § 1-3-1, Ala. Code 1975], we think clearly reflects this invitation to change and growth in the common law of Alabama. While this section provides that the common law of England shall be the rule of decisions, except as it may be altered or repealed by the legislature, it further provides such law shall apply so far as it is not inconsistent with the Constitution, laws, and institutions of this state, and the common law together with the laws and institutions shall be the rule of decisions. *Page 1056 
". . . .
 "We have found no decision defining `institutions' in the context of its employment in Title 1, Section 3. We think, however, as used in Title 1, Section 3, the words `institutions' must be construed to mean the customs, mores, and conditions prevailing at the time the matter in question is being considered."
293 Ala. at 442-44, 304 So.2d at 883-85.
The main opinion in the present case frames the issue thusly:
 "However, because of the modern advances in medicine and the ability to maintain and preserve life, as well as the advances in scientific crime detection, and the modern legal and judicial trend away from the application of the rule, this Court is of the opinion that it must consider whether the common-law year-and-a-day rule is currently a viable principle of criminal law in Alabama."
890 So.2d at 1046.
Based on the statutory references above, I believe that the Legislature intended to supersede the year-and-a-day rule by the enactment of a specific definition of causation in the Criminal Code. However, to the extent that I may be found in error in this observation, I believe that, viewed objectively, the common-law rule is at least facially inconsistent with the "laws [a modern, comprehensive Criminal Code] and institutions [the changing conditions referred to in the main opinion]" of this State and, therefore, that this Court is in no way bound to follow it as a "rule of decision" in Alabama.