HARRELL *v*. STATE.*

(Division B.    Dec. 14, 1925.)

[106 So. 268.    No. 24985.]

CRIMINAL LAW. *Evidence obtained on search of defendant's residence, on search warrants against others, inadmissible against him.*
Evidence obtained by search of residence which defendant had leased, and all of which was under his charge, and so constituted his home, was inadmissible against him; there having been no warrant to search his residence but only the home of others who occupied the home with him.

*Headnote 1.   Criminal Law, 16 C. J., Section 1110.

APPEAL from circuit court of Yazoo county.
HON. W. H. POTTER, Judge.
H. W. Harrell was convicted of possession of a still, and appeals.    Reversed and remanded.

*Wise & Bridgforth*, for appellant.

The appellant, H. M. Harrell, rented of one J. B. Pepper a portion of said Pepper's farm for the year 1924, also

140 Miss.—47.

a part of said Pepper's residence. Appellant was to have all the land he could work and also all the downstairs of the house except two rooms, Pepper reserving two rooms downstairs for his own use when he made trips out to the farm, and reserving the attic also for the purpose of storing his plunder, the entrance to which was from one of these rooms. Pepper gave the appellant permission to pass through the rooms reserved on the lower floor, but gave explicit instructions that he had no rights in the attic at all.

After this contract was made, appellant contracted with one Robert Williams, his brother-in-law, to work a portion of the land he had rented, but, as between Mr. Pepper and appellant, the appellant only was Pepper's tenant. Robert Williams rented land from appellant, also one room in the portion of the house appellant rented from Mr. Pepper, and appellant boarded Williams and his father, Newton Williams. Under these conditions, the sheriff armed with the search warrant against Newton and Robert Williams appeared at the house of J. B. Pepper rented by the appellant, and in which Robert Williams and Newton Williams boarded; and in the absence of the appellant and the said Williams, sent for Robert Williams, served the warrant upon him and proceeded to search the whole house, the part rented by the appellant and that reserved by Mr. Pepper, all in the appellant's absence.

What is possession? It implies a right, however qualified, as well as mere physical control (31 Cyc. 924 and cases there cited); but it is a more or less ambiguous term. It does mean more than a power of access, which was all the appellant might be charged with here. 5 Words and Phrases, 5466; *Rice* v. *Frayser,* 24 Fed. 460. And the facts in this case, at the most, could amount to only constructive possession; and, if constructive, it must be conscious possession. In *City of Jackson* v. *Gordon,* 119 Miss. 325, 80 So. 785, possession of intoxicating liquor forbidden by section 2, chapter 189, Laws of 1918, was held

to be necessarily a conscious one. We here remind the court that the parts of the still, or the still itself, were found in the attic reserved by Mr. Pepper; therefore, it was not on appellant's premises or in his physical possession, when only facts and circumstances are required to show possession is not conscious. A greater *quantum* of evidence is required by the state.

The finding of a jug of liquor in a part of the house, a storeroom, occupied by appellant was illegally admitted; it was immaterial and incompetent and was also obtained by searching a dwelling without a warrant. But appellant testified he did not know it was there, and that he had not been in the storeroom for months. Had appellant been on trial for possessing liquor instead of a still, it would have been incumbent on him to explain the presence of the liquor on his premises; but it is not incumbent on him to explain the presence of a still in Mr. Pepper's attic, even though he rented the lower portion of the house in part.

The warrant authorized the search of the "dwelling house, outhouses and premises of, or used by, the persons of Robert and Newton Williams, located at three miles west from Vaughan, Miss." The affidavit on which this warrant issued read, "in the premises of Newton and Robert Williams." By virtue of this warrant a search was made of the whole house owned by J. B. Pepper, the lower floor of which, save two rooms, had been rented the appellant, who in turn rented one room to Robert Williams for his occupancy and that of Newton Williams. Parts of a still were found in the attic of the said house, reserved to said J. B. Pepper, none in the part rented by the appellant.

If the premises of Newton and Robert Williams only had been searched, the search would have been confined to the room rented Robert Williams; if the "premises used by Newton and Robert Williams" only had been searched, the searching of the room rented them would have been proper, but not the *home* of the appellant; still at the very

most, the other part of the house which was rented the appellant and kept by him as a home would be the ultimate limit of possible search provided by the warrant, for no other part was used by said Williams. The invasion of Mr. Pepper's attic was illegal, and the *search of it,* giving the state the benefit of the extended construction of the words "used by Newton and Robert Williams," even, *was without warrant. Strange* v. *State,* 134 Miss. 31, 98 So. 340; *Fatimo* v. *State,* 34 Miss. 175, 98 So. 537. There is no evidence by which the appellant could be convicted of the crime attempted to be charged. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Owens* v. *State,* 133 Miss. 753, 98 So. 235; *Strange* v. *State, supra; Fatimo* v. *State, supra.*

It seems that only section 2, chapter 244, Laws of 1924, has been passed upon by the courts. *Moore* v. *State* (Miss.), 103 So. 483; *Horn* v. *State* (Miss.), 104 So. 452. In these cases the court held said section 2 to be constitutional; in the latter case ETHRIDGE, J., expressly refrained from passing upon said section 3, here involved. Our contention is that irrespective of the constitutionality of said section 3, it does not apply to the facts of this case. The home of appellant could not be searched on a warrant to search that of Newton and Robert Williams, who rented one room from him and boarded with him. The attic and rooms of J. B. Pepper, the owner of the house, which were used by him intermittently, could not be searched on warrant for the search of Newton and Robert Williams' premises; and evidence obtained by such searches would not be within the terms of said section 3, and would be still governed by the law announced in *Tucker* v. *State, supra.*

The appellant's statement, "I haven't got another word to say," cannot be construed as an invitation to continue the search, and it does not waive the requirement of a valid search warrant. *Morton* v. *State* (Miss.), 101 So. 379; *State* v. *Watson,* 133 Miss. 796, 98 So. 241; *Smith* v. *State,* 133 Miss. 730, 98 So. 344. Therefore, the entire evi-

dence against the appellant herein was illegally obtained and was inadmissible as to him, irrespective of whether it should be admitted on the trial of Robert Williams.

*F. S. Harmon,* assistant attorney-general, for the state.

It appears from the testimony that three quarts of liquor were found in the pantry and integral parts of a device for its manufacture were found in the attic, and that liquor ran out of the coil which was of the same general nature as the liquor in the jug; that the appellant claimed the premises were his at the time he approached the house, but at the time of the trial denied that he had any right whatever in and to the attic of this house in which the integral parts of the still were found.

This entire case, according to appellant's contention, turns on whether or not this appellant, Harrell, had possession of the entire dwelling house. It appears that Mr. Newton Williams is the father of young Robert Williams, and of Mrs. Harrell who is the wife of this appellant, and according to appellant's statement, Harrell was a tenant of Mr. Pepper, the renting arrangement being that Harrell was to work as many acres of land as he conveniently could; that he was to occupy this dwelling house, reserving to Mr. Pepper a bedroom downstairs for his use on occasional visits to this plantation, and reserving to Mr. Pepper's exclusive use the attic, or upstairs portion of the house, for the storing of Mr. Pepper's furniture and other property.

Subsequent to this arrangement between the landlord and tenant, the old man Newton Williams and his son Robert Williams came to live with Mr. and Mrs. Harrell, their kinsfolk. According to the appellant's case, the two Williams men, father and son, boarded with the Harrells. They ate at the same table, Mrs. Harrell did the cooking for the whole family and they occupied one of the

rooms downstairs. The truth of the matter seems to be, from a careful reading of the record, that these folks, being related, were all living together as one family in this house, and all contributed to the financial support of the establishment. The indictment charged this appellant Harrell and young Robert Williams, jointly, with having possession of the integral parts of a still. A severance was granted so that we are here concerned only with the legality of Harrell's conviction and the correctness of the court's action in admitting the testimony of these officers.

Appellant's counsel contends that since the warrant authorized only the search of the premises occupied by Newton Williams and Robert Williams, that the officers were exceeding their authority in searching anything but the one room in which the Williams men slept. We insist that counsel is here in error. We are not here concerned with a city apartment or hotel, or even a regular boarding house. We are here concerned with a home out in the country on a plantation where the landlord's and tenant's relation in all their ramifications are not known to the public officials. The officers knew what they wanted to search. They wanted to search the dwelling house three miles west of Vaughan, used and occupied by Newton and Robert Williams. This is what they got a warrant to do and this is what they did. They did not know this appellant Harrell, they had never met him, and to require them to know all the details of an agreement between landlord, tenant and sub-tenant is asking the impossible. The officers knew that Newton and Robert Williams lived under this roof, in the dwelling house, on these premises, and they designated the particular place which they wished to search, by describing it as the dwelling house, outhouses and premises used and occupied by Newton and Robert Williams. This was sufficient description and gave the officers authority to search the entire dwelling house, outhouses and the premises.

Counsel for appellant relies on *Strangi* v. *State,* 134 Miss. 31, 98 So. 340. But it is clear that this case is no

authority, since there the warrant specified the search of *"a certain room* in a building occupied by T. Strangi, etc." The warrant being issued specifically for the search of this one room. The officers could not use evidence against Strangi found from the search of other rooms. Similarly in *Fatimo* v. *State,* 134 Miss. 175, 98 So. 537, the warrant was specifically limited to a certain room in a building occupied by Fatimo and the liquor was found under a counter in the back yard.

In the case at bar, on the other hand, the warrant specified as the particular place to be searched the dwelling house and premises used and occupied by Newton and Robert Williams—that is to say, the officers were authorized to search that entire house, which was particularly described as being the one three miles west of Vaughan, in which Newton and Robert Williams lived. Furthermore, who can complain of the fact that these officers searched the attic of this house and found the integral part of a still therein concealed? This appellant Harrell certainly cannot complain, because he swore on the witness stand that he had no rights whatever in this attic; that he did not rent the attic from Mr. Pepper, but that the attic was reserved exclusively for Mr. Pepper's use. It is too well settled to merit citation of authority that no one except the owner or the person actually entitled to possession can complain of a search without warrant. Therefore, since Harrell swears that he was not the owner and not entitled to possession of this attic, he cannot complain of the search of it. Since, according to the testimony in this case, Newton and Robert Williams lived with the Harrells, ate at the common table and used the house as members of the family, then, under the warrant, it is quite clear that the officers had a right to search that portion of the house which the Williamses used and this included, of course, the pantry in which this jug of liquor was found. Therefore, the officers had a right to testify as to the finding of the liquor and the search of this house, and this ap-

pellant cannot complain because they searched the attic, which he swears he did not own, did not rent, and had no right to use. It seems clear, therefore, that the evidence of the officers was properly admitted.

ANDERSON, J., delivered the opinion of the court.

Appellant, H. M. Harrell, was indicted and convicted in the circuit court of Yazoo county of the crime of possessing integral parts of a still for the manufacture of intoxicating liquors, and sentenced to imprisonment in the penitentiary for one year, from which judgment he prosecutes this appeal.

Appellant had leased from Mr. Pepper a residence, in the attic of which the parts of the still in question were found. The evidence, fairly interpreted, shows, however, that appellant had, subject to Mr. Pepper's rights, the use of the entire residence, including the attic, and that the whole residence was under his charge, in the absence of Mr. Pepper. The entire residence, therefore, constituted the home of the appellant, and could not be searched without a search warrant properly obtained and issued for that purpose. The officers making the search had no warrant to search the residence of appellant, and therefore the evidence obtained by virtue of the illegal search was not competent against appellant. The officers had a search warrant to search the home of his father-in-law and his brother-in-law, who occupied the home with him. The evidence gotten by virtue of such a search might be used against them but not against appellant.

The other errors assigned are not of sufficient seriousness to require a discussion. They are without merit.

*Reversed and remanded.*