## SANDERS *v.* STATE.*

(Division B.    Feb. 8, 1926.)

[106 So. 822.    No. 24737.]

CRIMINAL LAW.    *Evidence secured on search of defendant's home on warrant against another held inadmissible, though legal title to land in his wife.*

Warrant having been to search premises of others, evidence secured on search of defendant's home place, occupied by him and wife, and therefore his private possession, owned by both, though legal title to the land was in his wife, was inadmissible on prosecution of him.

---

*Corpus Juris-Cyc. References; Criminal Law, 16 C. J., p. 571, n. 93; Admissibility of evidence obtained by illegal search and seizure, see notes in 34 L. R. A. (N. S.) 59; L. R. A. 1915B, 834; 24 A. L. R. 1409; 10 R. C. L., p. 933; 2 R. C. L. Supp. 1112; 4 R. C. L. Supp., p. 679; 5 R. C. L. Supp., p. 572.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Jeff Sanders was convicted of attempt to manufacture liquor, and appeals.    Reversed and remanded.

*James T. Crawley* and *W. T. Triplett,* for appellant.

This case falls squarely within *Falkner et al.* v. *State,* 98 So. 691.    See, also, *Tucker* v. *State,* 90 So. 845.; *Owens* v. *State,* 98 So. 233; *Brien* v. *Williamson,* 7 How.. (Miss.) 14.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

Testimony by the appellant shows conclusively that he did not own the land; that the legal title to the land was not in him but was in his wife.    He says that he

owns the land, but shows title and possession to be in his wife. He says that he controls the land, but does not say by what right. He does not claim to have the land rented, leased, or any other legal right to the title or possession of the land. The facts testified to by him show, as a matter of law, that he does not own the land; does not control the land; is not in possession of the land; and has no right or interest in the land.

Counsel for appellant cites the case of *Falkner et al.* v. *State,* 134 Miss. 253. In that case the search was made without a warrant for so doing. The still was found on land owned by Tom Falkner and in the possession of Tom Falkner and Pete Falkner. Tom Falkner and Pete Falkner were jointly indicted, tried and convicted. Pete Falkner did not own the land nor have any interest therein. This court held that the evidence obtained without a warrant in that case was inadmissible as to Tom Falkner, the owner of the land, but was inadmissible as to Pete Falkner who did not own the land; that a person could not invoke the protection of section 23, State Constitution, unless he was the owner of the property searched. My contention is that the land was not owned by Jeff Sanders and that he cannot complain that the land of Mrs. Sanders was searched without a legal search warrant and that the evidence obtained by said officers without a warrant in this case was inadmissible on the trial of the charge against appellant. To claim the protection of section 23, State Constitution, defendant must have a right of possession that would make him the owner for the time being. *Harris* v. *State,* 98 So. 349; *Falkner et al* v. *State,* 134 Miss. 253; *Lee* v. *City of Oxford,* 134 Miss. 647; *Ross* v. *State,* 105 So. 846.

The testimony offered by the state was sufficient to sustain the verdict of guilty; it was admissible against the appellant. I, therefore, submit that the cause should be affirmed.

Argued orally by *J. T. Crawley,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Jeff Sanders appeals from a conviction on a charge of attempting to manufacture intoxicating liquor.

The main point urged for reversal is that the evidence upon which the conviction was obtained was secured by a search of the premises of appellant without a search warrant, and was therefore inadmissible.

We think the point is well taken. The search warrant with which the officers searched the premises of appellant was not issued to search his premises, but the premises of other parties; and, while the state contends that the premises searched did not belong to the appellant, and therefore he could not complain of the unlawful search, yet we find the record discloses that the place searched was the premises of appellant, in that it was his home place, occupied by him and his wife, and therefore was his private possession, owned by both him and his wife, although the legal title to the land was in the wife. We think the case comes within the rule announced in *Falkner* v. *State,* 134 Miss. 253, 98 So. 691, which is supported by the *Tucker case,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377. Therefore the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*