Cox *v.* State.*

(Division A.   March 21, 1927.   On Suggestion of Error May 9, 1927.)

[112 So. 479.   No. 25767.]

1. CRIMINAL LAW.  *Any error in first introducing search warrant and affidavit held cured by objection to evidence, when later introduced.*

Assuming search warrant and affidavit therefor should not be introduced till evidence obtained thereby had been offered and objected to, any error in overruling objection to them when of-

fered first—not properly part of the evidence, and incompetent and inadmissible—was cured when, on subsequent introduction of the evidence obtained thereby, it was objected to on the ground that it was not obtained by means of a legal search warrant, to meet which objection it would have been necessary to introduce the affidavit and warrant.

2. CRIMINAL LAW. *Evidence obtained on search held admissible against wife of occupant named in affidavit and warrant (Laws 1924, chapter 244, sections 1, 4, 5).*

Under Laws 1924, chapter 244, sections 1, 4, 5, search on affidavit and warrant for search of residence, where defendant lived with her husband, though naming him alone as occupant, was valid, and the evidence obtained thereby admissible against her.

3. INTOXICATING LIQUORS. *Contents of pitcher poured on floor held sufficiently identified as whisky.*

Evidence, on prosecution for possession of intoxicating liquor, *held* to sufficiently identify as whisky the contents of a pitcher which defendant poured on the floor.

4. INTOXICATING LIQUORS. *Possession by defendant, rather than husband, of liquor, held under evidence question for jury.*

Possession by defendant, rather than by her husband, of intoxicating liquor in their residence, *held* under the evidence for the determination of the jury.

5. INTOXICATING LIQUORS. *Court's requirement of peace bond, in addition to imposing prescribed penalty on conviction of illegal possession of liquor, held authorized (Hemingway's Code, section 1323).*

Under Hemingway's Code, section 1323 (Code 1906, section 1561), authorizing the court, on a conviction of an offense less than a felony, in addition to the prescribed penalty, to require the convict to enter into a bond in a reasonable sum to keep the peace, such a requirement on conviction of illegal possession of liquor is permissible.

### ON SUGGESTION OF ERROR.

6. CRIMINAL LAW. *Objection, of omitted allegation, to admission in evidence of affidavit for search warrant, held not available for first time on appeal.*

Objection to admission in evidence, to show legality of search, of affidavit for search warrant, because alleging merely that affiant has reason to believe, and not that he does believe, not having been made below, is not available on appeal.

7. CRIMINAL LAW.   *Defendant may not complain of order to give peace bond without evidence as to his ability, he not having been refused permission to introduce evidence.* ·

To complain on appeal of order directing defendant to execute peace bond without hearing evidence as to his ability to give it, he must have offered and been refused permission to introduce such evidence.

8. INTOXICATING LIQUORS.   *Fine and imprisonment not exceeding thirty days is limit of punishment for possession of liquor (Laws 1918, chapter 189, section 17).*

The punishment for having intoxicating liquor in possession is that provided by Laws 1918, chapter 189, section 17, and is fine and imprisonment, the latter not to exceed thirty days.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 570, n. 90; 17CJ, p. 56, n. 16; p. 58, n. 20; p. 307, n. 44; Intoxicating Liquors, 33CJ, p. 761, n. 52 New; p. 774, n. 14; p. 787, n. 56; p. 798, n. 46, 51 New.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Susie Cox was convicted of illegal possession of liquor, and appeals.  Affirmed in part, and in part reversed and remanded for new sentence.

*Kimbrough, Tyson & Kimbrough,* for appellant.

I.   All evidence under the search warrant should have been excluded because the affidavit therefor was not sworn to.   We are familiar with *Borders* v. *State,* 104 So. 145.   Nevertheless, we believe if the court will read Crippen's testimony, which is exceedingly short, it will be clear that no oath was administered.   While official papers are entitled to full credit and weight, the proof in this case does not meet the requirement of the law.

II.   All evidence under the search warrant should have been excluded because the warrant and the affidavit therefor related solely to the dwelling house, premises, appurtenances, etc., of "one Alex Cox."  Appellant was not suspected in the transaction as shown by the search warrant and affidavit therefor.   *Harrell.* v. *State,* 106 So. 269.

III. The court erred in admitting in evidence over defendant's objection the affidavit for the search warrant and the search warrant with the return thereon. This objection is made for two reasons: First, because the search warrant and affidavit therefor are not evidence of guilt; and, second, they serve only to show that the officer had authority to enter the premises. As conclusive of these questions, see *Sandifer* v. *State,* 101 So. 862; *Pickle* v. *State,* 102 So. 4; *McNutt* v. *State,* 108 So. 721.

IV. The court erred in allowing the sheriff to testify as to what "information" he had. His statement of his information was incompetent. In many cases it would be unimportant, but in this case it is of extreme importance, owing to the facts of the case. We submit that it was error for the court to overrule appellant's objection resulting in a confirmation in the minds of the jury of the propriety of the testimony and of its efficacy.

V. The court erred in overruling appellant's motion to exclude the search warrant and the affidavit therefor, and in overruling appellant's motion to exclude all evidence and direct a verdict for defendant. The evidence does not show that the liquor was, in fact, intoxicating. Again assuming that the contents of the pitcher was intoxicating liquor, the possession thereof by appellant was of such temporary, fleeting and transitory nature that it would not constitute possession in legal contemplation. In support of these contentions, we refer the court to *Hill* v. *State,* 92 So. 578; *Parham* v. *State,* 89 So. 775; *Harness* v. *State,* 95 So. 64; *Anderson* v. *State,* 95 So. 637; *Brazeale* v. *State,* 97 So. 525; *Washington* v. *State* (Ala.), 107 So. 34.

VI. While the affidavit for the search warrant shows that the affiant "has reasons to believe, that intoxicating liquor is being stored . . ." in the dwelling house

occupied by "one Alex Cox," it does not show that the affiant *"does believe."* As absolutely conclusive of the soundness of the last assignment, see *Turner.* v. *State,* 98 So. 240; *Cox* v. *State,* 107 So. 7. The allegation that the affiant "does believe" is essential to the validity of the affidavit and the search warrant.

VII. The court erred in requiring the defendant "in addition" to the fine and jail sentence imposed on her and as a part of the penalty to enter into bond in the sum of five hundred dollars, with two or more sureties, to keep the peace and be of good behavior for a period of two years. No proof was taken or inquiry made as to the ability of the appellant to make such bond or as to her financial state.

*W. A. Scott, Jr.,* Special Agent, for the state.

I. *Where the warrant states that the oath was administered it cannot be overturned by uncertain testimony.* *Borders* v. *State,* 104 So. 145.

II. *The place searched was that described in the affidavit.* The affidavit prays for the search of the dwelling house that is occupied by Alex Cox and the search warrant authorizes and directs the search of the same property. Appellant makes the contention that the search and arrest of Susie Cox is invalid because the warrant does not authorize the search of her property. It is shown by the evidence that Alex Cox is the husband of the defendant. There is no contention that the sheriff searched any property other than that described in the affidavit and in the search warrant. We maintain that this affidavit and search warrant authorized the search of the property and that all intoxicating liquors found therein could be lawfully seized and introduced in evidence.

146 Miss.—44.

III. *The sheriff's testimony as to his information did not prejudice the defendant.*

IV. *The liquor was intoxicating.* *Mitchell* v. *State,* 91 So. 578, 129 Miss. 440.

V. *The possession of the liquor was proved.* There was sufficient evidence to warrant the jury in finding that the defendant had control and did in fact possess the intoxicating liquor. *Borders* v. *State,* 104 So. 145.

VI. *The court did not err in imposing a peace bond on the defendant.* The judge of the circuit court as conservator of the peace had ample authority to impose a peace bond on the defendant. See section 1323, Hemingway's Code.

VII. *The search warrant was not void because the affidavit omitted the words "and does believe."* Under the authority of *Hendricks* v. *State,* 109 So. 263, such a finding in the warrant itself is a judicial determination that the affiant made oath that he has reason to believe and does believe the facts as set forth in the affidavit.

VIII. *No specific objection was made because of the omission of the above words.* Nowhere in the entire record is there an objection specifically setting forth that the omission of the words "and does believe" constitutes a fatal defect and for this reason should be excluded and all evidence thereunder stricken out. In the absence of such an objection the state contends that the appellant is not at liberty to raise the question for the first time in the supreme court. This court has held on several occasions that the constitutional privilege of immunity from search without a valid search warrant is in the nature of a personal privilege and may be waived by the defendant.

Argued orally by *W. A. Scott, Jr.,* Special Agent, for the state.

SMITH, C. J., delivered the opinion of the court.

The appellant appeals from a conviction for having intoxicating liquor in her possession. The evidence on which she was convicted was obtained by the sheriff on a search of the house in which she lived, pursuant to a search warrant issued for that purpose.

The sheriff was introduced as a witness, and, as a foundation for the admission of his testimony, the search warrant and affidavit were introduced in evidence over the objection of the appellant, the ground of the objection being, "It is not properly a part of the evidence, and because it is incompetent and inadmissible in evidence." After this affidavit and warrant were introduced the sheriff, over the objection of the appellant, was permitted to testify to what he saw and heard while making the search. The sheriff's evidence was competent only if obtained by means of a legal search warrant. In the absence of objection to his evidence, the introduction of the affidavit and search warrant was, of course, unnecessary, and, assuming, but merely for the purpose of argument, that, the affidavit and search warrant should not be introduced in evidence until the evidence obtained by means thereof has been offered and objected to, any error the court may have here committed in overruling the appellant's objection to the introduction of the affidavit and warrant was cured, for the reason that, when thereafter the evidence obtained by means of the search warrant was introduced, the appellant objected thereto on the ground that it was not obtained by means of a legal search warrant. In order to meet this objection, it would, of course, have been necessary for the affidavit and warrant to have been then introduced in evidence had they not already theretofore been so introduced.

After the warrant and affidavit were introduced in evidence, it developed that, when the affidavit was made, no form of oath was administered to the sheriff; that he simply signed the affidavit for the purpose of obtaining the warrant, and the justice of the peace attached his jurat thereto, and issued the warrant thereon. A motion was then made to exclude the warrant and affidavit and the evidence secured thereby, on the ground that the affidavit had not been sworn to, and that, consequently, the warrant issued thereon was void. This court has recently held to the contrary in *Atwood* v. *State* (Miss.), 111 So. 865.

The affidavit describing the house is "that certain one story, two room, frame dwelling house, and all of the outhouses connected therewith, that is occupied by one Alex Cox, and that is situated and located at No. 508 Lamar street, in the city of Greenwood, in said county and state." Alex Cox was the husband of the appellant, and she lived with him in the house searched.

A further objection was made to the sheriff's evidence on the ground that the warrant did not authorize the search of the appellant's residence, she not being named therein, and that, consequently, while the evidence obtained thereby might be admissible in a prosecution against Alex Cox, it was inadmissible in a prosecution against Susie Cox.

The statute under which the warrant was issued is chapter 244, Laws of 1924. Section 1 thereof provides that:

"Upon the affidavit of any credible person that he has reason to believe and does believe (1) that intoxicating liquor is being stored, kept, owned, controlled, or possessed in any building, or room in a building, or outhouses, or any place, or in any trunk or other receptacle capable of containing or concealing intoxicating liquor for purposes of sale in violation of the laws of the state of Mississippi," the search of such place may be conducted, and such intoxicating liquors seized to be held

"until disposed of by law, and to arrest the person, or persons in possession and control of the same."

So far there is no requirement that the person in possession of the place to be searched be designated.

Section 4 of the statute which provides the form of the affidavit does contain such a requirement, and is that the place to be searched should be alleged as being "used or occupied by ———— (name of accused owner, possessor, etc.)," and the prayer of the affidavit should be for the search of the place "and the arrest of the said (name of the accused), or such other party or parties as may be in possession or control thereof."

Section 5 provides that the warrant shall describe the place to be searched as in the affidavit, direct the search, and the arrest (of) the said ———— (name of accused), or such other party or parties as may be in possession or control thereof."

We are not here concerned with the validity of the arrest of a person not named in the affidavit, but only with the validity of the search of the premises. The affidavit and warrant here are in conformity with the statute, and authorize the search of the place here in question. The search here made was therefore lawful, and the evidence obtained thereby is consequently unobjectionable.

Compare *Harrell* v. *State,* 140 Miss. 737, 106 So. 268, and *Brewer* v. *State,* 142 Miss. 100, 107 So. 376, in the first of which the person designated in the warrant and affidavit was not the owner or lessee of the house searched, and who used and occupied it, but was another, or, rather, two other persons who lived in the house with him.

The sheriff testified that, when he entered the house, the appellant, who was there then, immediately took a pitcher from the table, and poured therefrom onto the floor a quantity of liquor, about one-third of which the sheriff recovered, and, after testing it by the application of a lighted match thereto, and by his sense of smell, he ascertained that it was whisky. He stated that "the

odor and everything was unmistakable, and I had seen it so often I knew it without any further test.'' This was a sufficient identification of the contents of the pitcher.

But it is said by the appellant that this evidence is insufficient to show that she was in possession of the liquor. She admitted pouring it out of the pitcher, but stated that it did not belong to her, and, in response to the question, ''Why was it you poured the contents onto the floor?'' she answered, ''When I come into the kitchen and walked to the back door, he said, 'Don't put your hands on that pitcher;' it scared me because I knowed Alex had some whisky there that morning.'' On this evidence, the appellant's possession of the whisky was for the determination of the jury.

In addition to a fine and imprisonment, the court below ordered the appellant ''to enter into bond in the sum of five hundred dollars with two or more sureties, to keep the peace, and be of good behavior for a period of two years from this date.''

One of the appellant's assignments of error challenges the validity of this requirement; the ground of her objection being that ''no such state of affairs existed as would warrant the court in imposing this additional penalty on appellant.''

The requirement of such bond is authorized by section 1561, Code of 1906 (section 1323, Hemingway's Code), and no question is here presented as to the amount thereof being excessive.

*Affirmed.*

## On Suggestion of Error.

Three questions are presented by this suggestion of error.

1. The affidavit on which the search warrant was issued alleges that the affiant ''has reason to believe,'' but does not allege that he ''does believe,'' that intoxicating liquor is being stored, etc. One of the affiant's

original assignments of error challenges the admissibility of this affidavit in evidence on the ground that the omitted allegation was necessary to the validity of the affidavit. Had the attention of the court below been called to this omission, the affidavit would probably have been held to be inadmissible in evidence (*Turner* v. *State,* 133 Miss. 738, 98 So. 240), but the affidavit was not objected to on that ground in the court below, and consequently such an objection cannot be here considered. *Mississippi Central R. R. Co.* v. *Robinson,* 106 Miss. 896, 64 So. 838; *N. O. J. & G. N. R. R. Co.* v. *Moye,* 39 Miss. 374; 1 Mississippi Digest, "Appeal and Error," section 231.

In the language of Chief Justice SHARKEY in the case of *Doe* v. *Natchez Insurance Co.,* 8 Smedes & M. 197:

"It is proper, in objecting to evidence, that the ground of objection should be stated, as in that way only can parties be confined in this court to the same ground of objection which was taken in the court below. It is a general rule that questions cannot be raised in this court which were not raised in the court below. It is our duty to review the decisions of the court below, but, if we decide new questions, not raised there, we assume original jurisdiction. This rule should not be relaxed, unless in cases where the evidence offered and objected to consists of matters of record, and even then the propriety of departing from the rule may be questionable."

Dean Wigmore says that:

"The only modification of this broad rule is that, if on the face of the evidence in its relation to the rest of the case there appears no purpose whatsoever for which it could have been admissible, then a general objection, though overruled, will be deemed to be sufficient." 1 Wigmore on Evidence, section 18.

The affidavit was admissible for the purpose of showing the legality of the search of the appellant's premises, and consequently any specific defect therein affecting its admissibility, not brought to the attention of the court below, cannot be availed of here.

2. On the original hearing, and again now, the appellant complains of the order directing him to execute a peace bond. The objection to the bond now urged is that the court below did not hear evidence as to the appellant's ability to give the bond. It does not appear from this record whether such evidence was heard, but, if it was not, the appellant cannot complain thereat, for, in order for him to do so, he must have offered and been refused permission to introduce such evidence.

3. Our attention is now called, for the first time, to the fact that the sentence is excessive. The punishment for having intoxicating liquor in possession is that provided by section 17, chapter 189, Laws of 1918, and is a fine and imprisonment, the latter not to exceed thirty days. The imprisonment here imposed is for ninety days; consequently the judgment of the court below must be reversed in so far as it imposes punishment.

In all other respects the judgment will be affirmed, and the case will be remanded for a new sentence. So ordered.