## McCluney *v.* State.

(Division A.   Dec. 14, 1931.)

[138 So. 356.   No. 29074.]

Rush H. Knox, of Jackson, for appellant.

334

E. R. Holmes, Jr., Assistant Attorney-General, for the State.

Cook, J., delivered the opinion of the court.

In the circuit court of the First district of Chickasaw

county, the appellant was tried, in his absence, on an affidavit made before a justice of the peace of the county, charging him with unlawfully having in his possession intoxicating liquor, and was convicted and sentenced to pay a fine of five hundred dollars and to serve a term of thirty days in jail, and was also required by the order to execute a bond in the penal sum of two thousand five hundred dollars, conditioned to keep the peace and obey the laws thereafter, and was committed to jail until such bond was executed and approved by the sheriff; and from this conviction and sentence this appeal was prosecuted.

The judgment from which this appeal was prosecuted recites that the appellant was convicted in the court of J. R. Chenault, a justice of the peace of supervisor's district 1 of the First judical district of Chickasaw county, and appealed to the circuit court and filed a bond for his appearance therein, but the record before us does not contain any judgment of the justice court, appeal bond, of certified transcript of any proceedings in the justice court.

The appellant contends that, in the absence of a certified transcript of the proceedings in the justice court showing a judgment and appeal bond, the circuit court was without jurisdiction of the cause, and that its judgment was therefore a nullity; and in support of this contention he relies on that long line of cases so holding which were decided before the enactment of section 3403, Code 1930, which amended the statute providing that a judgment in a criminal case shall not be reversed by the Supreme Court for certain specified defects in the transcript of the record, unless the record shows that the errors complained of were made grounds of special exception in the circuit court, by adding thereto the following provision: "And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment

or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings: Provided however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to fair understanding of the proceedings in the circuit court.''

Upon the record in the case at bar, the transcript from the justice court is unnecessary for a fair understanding of the proceedings in the circuit court; and, consequently, the provision quoted above prohibiting a reversal because of the absence of the transcript of the record and proceedings in the justice court is applicable, and will prevent a reversal, since it must be conclusively presumed that a full and complete transcript of the proceedings of the justice court was before the circuit court at the time of the trial of the cause in that court. If it should be urged that the appellant had no opportunity to make proper objections in the circuit court on account of the fact that he was tried in his absence, it is a sufficient answer to say that this statute requires the indulgence of a presumption that a proper appeal bond was executed, which required his attendance at court until his appeal was finally disposed of.

The appellant next complains of the action of the court below in requiring him to execute a bond with an excessive penalty, conditioned to keep the peace and be of good behavior without any limitation of time. Section 1349, Code 1930, provides that: ''Every court before which any person shall be convicted of an offense less than a felony may, in addition to the penalty prescribed by law, require the convict to enter into bond in a reasonable sum, with

or without sureties, to keep the peace and to be of good behavior for any time not longer than two years, and may order him to stand committed until such bond be executed;'' and in the case of Jones v. State, 146 Miss. 819, 112 So. 170, 174, it was held that, upon a conviction of a misdemeanor, ''the requirement to give a bond for good behavior should not be in excess of the amount that would stay the judgment in case of an appeal from an offense from the circuit court to the Supreme Court.'' The maximum penalty of a bond required by section 44, Code 1930, to stay a judgment upon a conviction of a misdemeanor and a sentence to imprisonment, is one thousand dollars; and therefore the bond of two thousand five hundred dollars required by the judgment of the court below was excessive. It will be noted that the statute quoted above, section 1349, Code 1930, requires that the bond shall be conditioned ''to keep the peace . . . . for any time not longer than two years,'' and, because the order of the court below required that the bond to be given shall be conditioned ''that the said C. S. McCluney shall keep the peace and obey the law hereafter,'' it is in that respect erroneous.

The judgment of the court below will therefore be reversed in so far as it requires a bond in the penal sum of two thousand five hundred dollars, conditioned as above stated, and a judgment will be entered here requiring the appellant to execute a bond in the penal sum of one thousand dollars, with proper sureties, to be approved by the sheriff of Chickasaw county, and conditioned that he will keep the peace and be of good behavior for two years from the date of the entry of the judgment; and in all other respects the judgment of the court below will be affirmed.

Reversed in part and affirmed in part.