LAIRD, et ux. *v.* FORBES.

May 15, 1952.

No. 38372 (58 So. (2d) 660)

Davis & Davis, for appellants.

R. H. Dale, for appellee.

Arrington, J.

Mrs. J. E. Forbes filed suit in the Justice of Peace Court in Marion County, Mississippi, against Mr. and Mrs. Charlie V. Laird for the sum of $76, the balance owing on a rent account. There was a judgment for the plaintiff, Mrs. Forbes, the appellee here. From this judgment, the defendants, appellants here, appealed to the Circuit Court of Marion County, where the cause was tried de novo and the verdict and judgment was for the appellee, and from which the appellants appeal.

The appellants assign as error that there was a nonjoinder of parties plaintiff in the court below. We have examined the record and find that there was no objection made in the court below and is made here for the first time. "The nonjoinder or misjoinder of a plaintiff shall not be objected to by the defendant at the trial, unless he give written notice thereof with his plea, stating the name of the person alleged to be omitted or improperly

joined; and the court or judge, at any time before the trial of the issue, whether of law or fact, may allow the declaration and writ to be amended so as to obviate the objection, upon such terms as may be proper." Sec. 1417, Mississippi Code of 1942.

In Darrill v. Dodds, 78 Miss. 912, 30 So. 4, the Court said: "Insistence is made here for the first time, in support of the judgment, that the co-tenant of Mrs. Darrill should have been joined with her husband in the action, whether in debt for the penalty or in assumpsit for the reasonable value of the trees. If such a point had been made in the court below, the plaintiff could have easily remedied the matter by amending the complaint and adding the name of her co-tenant as joint plaintiff. ▉▉ By reason of section 664, Anno. Code, a defect by nonjoinder of plaintiffs is waived unless made in writing in the circuit court before the trial commences."

The next assignment argued is that the justice of the peace did not certify to the record made in his court as required by Sec. 1200, Mississippi Code of 1942. Upon examination of the transcript of the proceedings in the justice of the peace court filed in this case we find that there is no certificate by the justice of the peace as is required by the statute, however, we further find that there was no objection made in the trial of this cause in the circuit court and that objection is made here for the first time. Section 1987, Mississippi Code of 1942, reads as follows: "And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist

in the circuit court proceedings: Provided however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings of the circuit court.''

 No objection having been made in the court below, objection can not be made here for the first time. McCluney v. State, 162 Miss. 333, 138 So. 356.

Affirmed.

**McGehee, C. J.,** and **Lee, Kyle,** and **Ethridge, JJ.,** concur.