WHITTINGTON *v.* STATE.

Nov. 2, 1953

No. 38845 41 Adv. S. 42 67 So. 2d 515

*W. M. Broome,* Crystal Springs; *Arrington & Arrington, Lena Zama,* Hazlehurst, for appellant.

*John E. Stone,* Asst. Attorney General, Jackson, for appellee.

Lee, J.

Armon Whittington, from a conviction for the possession of intoxicating liquor in a justice of the peace court, appealed to the circuit court. There on a trial de novo, he was again convicted and sentenced to pay a fine of $300.00 and serve 90 days in jail. From the judgment entered, he appealed here.

Two alleged errors are argued, namely, (1) that the evidence was obtained as the result of an illegal search, and (2) that the circuit court had no jurisdiction.

The search warrant authorized a search of the residence, outhouses, etc., of Mrs. Mamie Whittington, in whom the title to the property was vested. She is the wife of the appellant, and they were living together on this property as their home. The liquor was found in a trap inside the garage, immediately behind the home. According to the evidence for the State, the appellant freely and voluntarily admitted, at the time of the search, that the liquor belonged to him. However, testifying for

himself, he denied that it was his liquor and denied that he made an admission of possession to the officers.

The contention is that, since the warrant only authorized a search of the premises of his wife, it was invalid as to him. Among the cases cited are Harrell v. State, 140 Miss. 737, 106 So. 268; Sanders v. State, 141 Miss. 615, 106 So. 822, and Brewer v. State, 142 Miss. 100, 107 So. 376. However, those cases are distinguishable from the case under consideration inasmuch as they involved different principles. The search in the Brewer case, supra, was invalidated because it was a "John Doe" warrant. The State contended, however, that such fact was immaterial inasmuch as the premises had actually been rented by Oliver Brewer, the husband of Olivia Brewer, the appellant; and for that reason, Olivia could not complain. But the Court said: "We see no merit in this proposition, because the relation of husband and wife is such that they both possess the premises of the home when living there, regardless of which one may rent it or own it; . . ."

The above language in the Brewer case, supra, forecast the decision of this Court in Cox v. State, 146 Miss. 685, 112 So. 479, where the warrant authorized the search of a dwelling house "occupied by one Alex Cox," the husband of Susie Cox, the appellant. On appeal here, she contended that, since she was not named in the search warrant, the evidence obtained thereby was not admissible against her. This Court overruled her contention, and held that the search was lawful and that the evidence was admissible. That case is exactly like the case under consideration except that the appeal in the Cox case was by the wife, whereas here, it is by the husband. Consequently the appellant's first contention is untenable.

The second assignment arises out of these circumstances: The case was tried in the circuit court on November 15, 1952. No objection was made to the suffi-

ciency of the transcript of the proceedings from the justice of the peace court either before or during the trial. Sentence was imposed four days later, on November 19. Thereafter on November 24, appellant filed his motion for a new trial, and then, for the first time, asserted that the court had no jurisdiction because the appeal proceedings were not certified to. There was a hearing before the trial judge in which the State offered evidence to show that the transcript, in its entirety, including a certificate from the justice of the peace, was filed with the clerk and was before the court during the trial. However, a search of the file and of the clerk's office failed to reveal the certificate. On the disputed issue, the trial judge found and held that the transcript was actually prepared by the justice of the peace and was filed and docketed by the clerk, and that once the court acquired jurisdiction, it could not be divested thereof by the loss or removal of the transcript.

 The decision could be rested at this point on the ground that the decision of the judge, on the disputed issue of fact, was not manifestly wrong, and that, therefore, a proper transcript was before the court at the time of the trial. However, the Court deems it necessary to deal further with this question.

By Section 4370, Code 1892, Section 4936, Code 1906, as to judgments not to be reversed by the Supreme Court for certain errors, it was provided: "A judgment in a criminal case shall not be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury, or where the court was held, or that the prisoner was present in court during the trial or any part of it, or that the court asked him if he had anything to say why judgment should not be pronounced against him upon the verdict, or because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors com-

plained of were made ground of special exception in that court.''

The above statute was construed in many subsequent decisions. It was uniformly held that a certified record of the proceedings, on appeal, was essential to vest jurisdiction in the circuit court, and that the lack of jurisdiction, because of an insufficient transcript, could be raised here for the first time. Some of the cases are: McPhail v. Blann, 47 So. 666; Murphy v. Hutchinson, 93 Miss. 643, 48 So. 178; City of Greenwood v. Weaver, 96 Miss. 604, 50 So. 981; Allen v. State, 98 Miss. 192, 53 So. 498; Rodgers v. City of Hattiesburg, 99 Miss. 639, 55 So. 481; Salers v. State, 142 Miss. 88, 107 So. 375; and Jones v. State, 155 Miss. 364, 123 So. 882, 124 So. 374. These decisions were rendered prior to 1930.

Section 4936, Code 1906, was amended by Section 3403, Code 1930, now Section 1987, Code 1942, so as to append thereto the following: ''And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings: Provided, however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings in the circuit court.''

On December 14, 1931, McCluney v. State, 162 Miss. 333, 138 So. 356, was decided. In that case, the appellant had been convicted in a justice of the peace court, and on appeal to the circuit court, he was again convicted. On

the appeal here, the record contained no judgment, appeal bond or certified transcript of the proceedings from the justice of the peace court, and, for that reason, he argued that the circuit court was without jurisdiction and that its judgment was a nullity. Many cases, decided prior to the enactment of the amendment, were cited. The Court set out the amendment in its opinion, and pointed out that, in this case, "the transcript from the justice court is unnecessary for a fair understanding of the proceedings in the circuit court"; that said Section 3403 was applicable; and that "it must be conclusively presumed that a full and complete transcript of the proceedings of the justice court was before the circuit court at the time of the trial of the cause in that court."

So, the effect of Section 3403, Code 1930, now Section 1987, Code 1942, as construed in McCluney v. State, supra, is that: Although under Sections 1199 and 1200, Code 1942, it is still mandatory that the justice of the peace or the mayor or police justice, in appeals from their courts, shall transmit to the proper clerk a certified copy of the record of the proceedings, with the original papers, process and appeal bond, yet, if no objection is made to the transcript before or during the trial of the case, on its merits, it will be conclusively presumed that the transcript was before the court and complied in every respect with the law. Hence no error can be predicated on that ground on appeal to this Court. The amendment was a salutary one, and the McCluney case gave it full force and effect. We recognize its efficacy and reaffirm the McCluney case.

This brings us to say that in Travillion v. State, 206 Miss. 236, 39 So. 2d 773, neither Section 1987, Code 1942, nor the McCluney case, supra, was called to the attention of the Court. No suggestion of error was filed by the State and the error therein was not discovered until after adjournment. Hence this appears to be the first opportunity of the Court to examine and consider that decision.

Now that it has been thoroughly considered and has been found to be contrary to a valid statute, that case, in order that it may not mislead hereafter, is hereby expressly overruled.

From which it follows that the judgment of the lower court ought to be, and is, affirmed.

Affirmed.

All Justices concur except *Arrington, J.*, who took no part in this decision.